```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
ALLSTATE INSURANCE CO., et al.,                             :
                                                            :   MEMORANDUM DECISION
                        Plaintiffs,                         :   AND ORDER
                                                            :
        - against -                                         :   21-cv-2967 (BMC)
                                                            :
SHMUEL BATUROV, et al.,                                     :
                                                            :
                        Defendants.                         :
                                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

      Plaintiffs are automotive accident insurance companies. This is one of many actions that plaintiffs have brought concerning the submission of fraudulent policy claims under New York's no-fault insurance scheme. The practice of these plaintiffs is to bring suit against dozens of alleged fraudsters in a single complaint, in which the defendants are alleged to have engaged in separate but similarly implemented fraudulent schemes.[1] I issued an order to show cause why this case should not be dismissed for improper joinder or, alternatively, why I should not dismiss most of the defendants except one group of defendants who worked in concert, without prejudice to refiling against each group of defendants who are alleged to have worked in concert. In

---

[1] See, e.g., Complaint, Allstate Ins. Co. v. Abayev, 20-CV-3302, ECF No. 1 (E.D.N.Y. Jul. 23, 2020) (naming 58 defendants and alleging 28 separate but similarly implemented fraudulent schemes); Amended Complaint, Allstate Ins. Co. v. Amirova, 19-CV-2354, ECF No. 109 (E.D.N.Y. Aug. 12, 2019) (naming 53 defendants and alleging 26 separate but similarly implemented fraudulent schemes); Amended Complaint, Allstate Ins. Co. v. Avetisyan, 17-CV-4275, ECF No. 157 (E.D.N.Y. May 9, 2019) (naming 50 defendants and alleging 23 separate but similarly implemented fraudulent schemes); Amended Complaint, Allstate Ins. Co. v. Abramov, 16-CV-1465, ECF No. 5 (E.D.N.Y. May 9, 2016) (naming 88 defendants and alleging 38 separate but similarly implemented fraudulent schemes); Complaint, Allstate Ins. Co. v. Abutova, 13-CV-3494, ECF No. 1 (E.D.N.Y. June 20, 2013) (naming 80 defendants and alleging 31 separate but similarly implemented fraudulent schemes); Complaint, Allstate Ins. Co. v. Afanasyev, 12-CV-2423, ECF No. 1 (E.D.N.Y. May 16, 2012) (naming 111 defendants and alleging 41 separate but similarly implemented fraudulent schemes); Amended Complaint, Allstate Ins. Co. v. Yadgarov, 11-CV-6187, ECF No. 248 (E.D.N.Y. Oct. 17, 2013) (naming 84 defendants and alleging 30 separate but similarly impelmented fraudulent schemes).

responding, plaintiffs assert that the different schemes are logically connected and joinder of these claims and defendants serves judicial efficiency.

Under Rule 20(a)(2) of the Federal Rules of Civil Procedure, persons may be joined in one action as defendants if (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; *and* (B) any question of law or fact common to all defendants will arise in the action. It is clear that the second factor is satisfied here. This action, and likely all of plaintiffs' insurance fraud actions, contains common questions because defendants are alleged to have engaged in similar schemes.

But "[j]oinder under Rule 20 requires, in addition to a common question of law or fact, that the plaintiffs assert a right to relief arising from the same transaction or occurrence." Scott v. Chipotle Mexican Grill, Inc., 954 F.3d 502, 520 (2d Cir. 2020) (*colatus*). To determine whether allegations are part of the same "transaction or occurrence," courts "look to the logical relationship between the claims and determine 'whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'" Kalie v. Bank of Am. Corp., 297 F.R.D. 552, 557 (S.D.N.Y. 2013) (quoting United States v. Aquavella, 615 F.2d 12, 22 (2d Cir. 1979)). Moreover, "the overlap in questions of law or fact must be 'substantial' in order for joinder to be appropriate." Golden Goose Deluxe Brand v. Aierbushe, No. 19-CV-2518, 2019 WL 2162715, at *1 (S.D.N.Y. May 16, 2019).

"The purpose of Rule 20 is to promote trial convenience and to expedite the resolution of disputes, thereby preventing multiple lawsuits." Blesedell v. Mobil Oil Co., 708 F. Supp. 1408, 1421 (S.D.N.Y. 1989). "Under the Rules, the impulse is toward entertaining the broadest

possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966). Courts interpret the requirements of Rule 20(a) liberally in the interest of promoting judicial economy. See Liegey v. Ellen Figg, Inc., No. 02 CIV. 1492, 2003 WL 21361724, at *3 (S.D.N.Y. June 11, 2003). Because of this liberal interpretation and district courts' broad discretion in deciding whether to permit joinder, see Sonn v. Wal-Mart Stores, Inc., No. 06-CV-1816, 2006 WL 2546545, at *2 (E.D.N.Y. Sept. 1, 2006), many district courts do not raise the issue of joinder in these actions and at least one case cited by plaintiffs found joinder to be proper when challenged by defendants.

But I do not believe that defendants in these unwieldy actions are properly joined under Rule 20(a). This action, like other similar actions, does not assert any claims against all defendants, allege that all defendants worked together, or seek to hold all defendants jointly-and-severally liable. Instead, plaintiffs' claims concern separate RICO enterprises and defendants are alleged to have "engaged in separate, but fundamentally similar schemes." The alleged bad actors operated independently of one another, during different time periods, and with different participants, and the claims thus do not arise out of the same transaction or occurrence or series of transactions or occurrences.

The defendants and claims are "logically connected" only in that they concern insurance fraud, and I do not consider that connection to be substantial. Further, I am not inclined to collapse the Rule 20(a) analysis into a single factor concerning commonality. A district judge may have discretion to entertain these actions based on allegations that defendants engaged in separate but "similarly implemented" schemes. But the toll these actions take on the judicial system and the minimal efficiencies gained caution against that approach.

As an initial matter, these actions are unwieldy. Plaintiffs' complaint is 342 pages long. It annexes a 252-page appendix and three "Compendium of Exhibits" volumes. Plaintiffs' filing totals 1,845 pages. In this filing, plaintiffs assert 106 claims against 53 defendants alleged to have engaged in 27 different schemes. Simply reviewing the voluminous complaints and annexed appendices and exhibits – documents which are often hard to follow due to the disconnected allegations against dozens of unrelated bad actors – is a drain on the Court's resources.

These Frankenstein's monster actions also progress much more slowly than they otherwise would. For example, it is not uncommon for some but not all of the defendants in these no-fault insurance actions to default. District courts generally resolve all claims against non-defaulting defendants before entering a default judgment against defaulting defendants because of the risk of inconsistent judgments. See, e.g., Frye v. Lagerstrom, No. 15 CIV. 5348, 2019 WL 7168806, at *2 n.1 (S.D.N.Y. Dec. 23, 2019); Sec. & Exch. Comm'n v. Williams, No. 12-CV-1068, 2013 WL 12290897, at *1 (D. Conn. Sept. 27, 2013). As a result, even if dozens of defendants have defaulted, the appearance of one or two means that the case as a whole remains open – and the claims against the defaulted defendants unadjudicated – for months or years. If plaintiffs simply filed multiple actions, many if not most would be rapidly resolved on default judgment or settlement, leaving a few manageable contested actions.

Plaintiffs' dire prediction that severing this and other actions will result in 27 (or 50 or more) different initial status conferences; discovery orders; pretrial, summary judgment, default judgment, and discovery motions; expert discovery briefs; and depositions is not compelling. First, severance of these mammoth actions does not prevent any individual judge from coordinating pretrial proceedings among the assigned cases at the judge's discretion. Second, as

4

I noted above, many of the defendants in these actions default. When that occurs, there are no initial status conferences, discovery orders, pretrial motions, expert discovery briefs, or depositions to be had. Rather, there is a single motion for default judgment and, as explained above, that motion and the action as a whole can be resolved much more quickly if there aren't between one and fifty-plus non-defaulting defendants. Finally, it is worth noting that other insurance company plaintiffs sometimes prosecute their actions in the manageable manner I propose with no apparent disadvantages. See, e.g., Complaint, Gov't Emps. Ins. Co. v. NYRX Pharmacy Inc., 20-cv-5821, ECF No. 1 (E.D.N.Y. Dec. 1, 2020) (naming two defendants and a single fraudulent scheme in a 58-page complaint); Complaint, Gov't Emps. Ins. Co. v. Royal Med. Imaging, P.C., 20-cv-3048, ECF No. 1 (E.D.N.Y. July 8, 2020) (naming four defendants and a single fraudulent scheme in a 39-page complaint).

      Plaintiffs begrudgingly propose that they merely pay additional filing fees, but that is no solution at all. I imposed additional filing fees as a remedy in a no-fault insurance fraud case that progressed for over a year before the plaintiff clarified that the RICO enterprises alleged in the 186-page complaint – notably shorter than the instant complaint – had operated independently, despite prior suggestions to the contrary. See Am. Transit Ins. Co. v. Bilyk, No. 19-CV-5171, 2021 WL 216673, at *5 (E.D.N.Y. Jan. 21, 2021). When joinder was finally discussed in that case, most of the defendants had settled and those who had not settled had defaulted, the evidence in support of plaintiff's motion for default judgment had been submitted, and, "[a]lthough severance would [have] compl[ied] more faithfully with the letter of Rule 20, it would [have] result[ed] in logistical hurdles and ultimately waste[d] judicial resources." Id. Those considerations do not apply to this newly filed action.

5

When the requirements of Rule 20 are not met, Rule 21 affords a district court "broad discretion" in fashioning an appropriate remedy, including the possibility of dropping a party "at any time." Fed. R. Civ. P. 21.  In the order to show cause, I proposed two potential remedies to plaintiff: (i) dismissal of the case as a whole, or (ii) dismissal of most of the defendants except one group without prejudice to refiling against each group of defendants who are alleged to have worked in concert.  Because misjoinder of parties is not generally a ground for dismissing an action, id., plaintiffs are hereby ordered to provide a breakdown of the groups that make up each of the 27 schemes alleged in the complaint within seven days of entry of this order.  The Court will sever and retain one group and instruct the Clerk to open a separate index number for each other group.  Plaintiffs must then file an amended complaint in each case limited to that case's respective group.

**SO ORDERED.**

Digitally signed by Brian M. Cogan

_____
U.S.D.J.

Dated: Brooklyn, New York
       June 12, 2021